## JAMES F. BRAGG, JR. *vs.* JAMES B. GREENLEAF.

A Judge of the Court of Common Pleas has power to allow an amendment of a writ by altering its date to a subsequent day, although prior to such amendment, the action appeared to have been commenced before the cause of action had accrued.

No action can be maintained upon an indorsed promissory note, but by one, or under the authority of one, having a legal interest in the note.

Thus where a note had been sold and indorsed to a third person, the payee cannot maintain an action thereon, without the direction, or consent, of the person to whom the note belongs.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

*Assumpsit* on a promissory note made by the defendant and payable to the plaintiff in thirty days. The date was *April* 19, 1836, and the writ was dated *May* 19, 1836. At the trial, the defendant objected, that the action was prematurely brought, having been commenced before the expiration of the thirty days. The counsel for the plaintiff then filed an affidavit, stating that the writ was in fact made *May* 20, and dated the 19th by mistake, and moved for leave to amend by inserting the true date, to which the counsel for the defendant objected. The Judge permitted the amendment to be made. The name of the payee was indorsed on the back of the note, and the defendant objected to the reading of the note to the jury, because it appeared by inspection to have been negotiated, and, as the defendant averred, to *O. B. Dorrance,* and as the plaintiff's counsel admitted, averring at the same time, that the suit was commenced in the plaintiff's name by his consent and direction. The Judge overruled the objection, and permitted the note to be read in evidence. The verdict was for the plaintiff, and the defendant excepted.

*Codman,* said that the writ could no more be amended, than it could by altering the time of holding the Court, or affixing the seal of the Court, which are never allowed. *Bailey* v. *Smith,* 3 *Fairf.* 196. The case shows, that the plaintiff had no interest in the note, and therefore the action cannot be maintained in his name. *Bradford* v. *Bucknam,* 3 *Fairf.* 15.

---

Brown *v.* Keith.

*Virgin,* for the plaintiff.

The permitting, or the refusing of the amendment, is a mere discretionary act in the Judge, to which exceptions will not lie. *Wyman* v. *Dorr,* 3 *Greenl.* 183; *Clapp* v. *Balch, ib.* 216; 4 *Pick.* 341; *ib.* 429.

The Court had power to permit the amendment, and it was properly exercised. 2 *Pick.* 23; 1 *Pick.* 196; *ib.* 269; 1 *Mass. R.* 50; 2 *Mass. R.* 81; 11 *Mass. R.* 338; 3 *Greenl.* 243; 1 *Mass. R.* 433; 17 *Mass. R.* 376; 2 *Burrow,* 950; *Howe's Prac.* 187, 263; 3 *Greenl.* 29; 2 *Cowen,* 515.

The action was rightly brought in the name of the payee of the note. *Mosher* v. *Allen,* 16 *Mass. R.* 451.

The opinion of the Court was delivered at a subsequent day in the same term by

WESTON C. J. — We think it was competent for the Judge below to allow the amendment objected to, upon the evidence before him, under the motion made for that purpose. Upon the other point the exceptions are sustained. It appears, that the plaintiff consented to and directed the suit ; but as the case stands, it further appears, that he had at the time no interest whatever in the note. It may be prosecuted in the plaintiff's name, with his consent ; but not, if he has no interest in it, unless the suit was brought under the direction of the party, to whom the note belonged, *Bradford et al.* v. *Bucknam,* 3 *Fairf.* 15.

*Exceptions sustained.*